UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KCH TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO: 1:24-cv-05430-MHC |
| CJ LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, KCH Transportation, Inc. ("KCH"), and files this Complaint against CJ Logistics, Inc. ("CJ Logistics") as follows:

## I.    **Introduction.**

1.    KCH files suit to be indemnified for losses arising from cargo stolen while in the possession of CJ Logistics. KCH seeks to recover $100,000.00 plus attorneys' fees and costs of litigation.

## II.    **Parties, jurisdiction, and venue.**

2.    KCH is a Georgia corporation with its principal place of business in Fulton County, Georgia.

3.    KCH is a licensed freight broker.

4.  CJ Logistics is a for-hire interstate motor carrier, operating pursuant to a registration issued by the Federal Motor Carrier Safety Administration ("FMCSA").

5.  CJ Logistics is a California corporation and, upon information and belief, maintains its principal office at 7304 Emerald Green Ave., Bakersfield, California 93313.

6.  Upon information and belief, CJ Logistics may be served with process through its registered agent, A1 Services, Inc., 8500 Harris Rd Unit D, Bakersfield, California 93313, on file with the California Secretary of State.

7.  According to CJ Logistics' registration with the FMCSA, its agent for service of process is Process Agent Service Company, Inc., whose representative in Georgia is Berhane Tassaw, BT Process Services, 1973 James Red Moore Blvd, Atlanta, Georgia, 30318. CJ Logistics is subject to service of process through Process Agent Service Company, Inc. and Mr. Tassaw.

8.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states or between a citizen of a state and a citizen of a foreign state.

2

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Georgia.

10.     CJ Logistics is subject to personal jurisdiction because paragraph 4(B) of the parties' Broker Carrier Agreement provides that "[a]ll legal actions arising from or related to this agreement are subject to the exclusive jurisdiction of the state or federal courts located in Atlanta, Georgia."

### III.    <u>Factual Background.</u>

11.     As a licensed freight broker, customers hire KCH to arrange the domestic transportation of freight. KCH hires motor carriers to move customers' freight.

12.     Expeditors International of Washington, Inc. ("Expeditors") is a global, publicly-traded logistics company.

13.     Expeditors and KCH work together from time to time, pursuant to a Service Provider Agreement (the "Expeditors Agreement").

14.     Arista Networks hired Expeditors to arrange the transportation of a cargo of ethernet switch components.

15.     On the load at issue in this case, Expeditors hired KCH to arrange the transportation from Memphis, Tennessee to San Jose, California.

16.     KCH hired CJ Logistics as a motor carrier to physically transport the freight. A true and correct copy of the parties' Broker Carrier Agreement is attached as Exhibit 1. A true and correct copy of the parties' Rate Confirmation is attached as Exhibit 2.

17.     CJ Logistics picked up the cargo in Memphis. A true and correct copy of the Bill of Lading is attached as Exhibit 3.

18.     On January 27 or 28, 2024, the cargo was stolen from CJ Logistics' possession.

19.     According to CJ Logistics' driver, he parked his truck in Bakersfield, California, where he lives, and found the truck missing the next day. A true and correct copy of the driver's written statement is attached as Exhibit 4.

20.     Upon information and belief, CJ Logistics is owned and operated by Harjot Singh.

21.     Mr. Singh reported the theft to the Bakersfield Police Department. The Bakersfield Police Department and the Kern County Sheriff's Office investigated. True and correct copies of the compiled police reports are attached as Exhibit 5.

22.     According to the police report, Mr. Singh stated that his vehicle and trailer were stolen from the location where they were parked.

23.    The police report identified the stolen cargo as 186 fabric modules for ethernet switches, each valued at $3,963.51, for a total of $737,212.86.

24.    A copy of the commercial invoice for the stolen cargo is attached as Exhibit 6.

25.    After investigation, police found CJ Logistics' power unit, but not the stolen cargo.

26.    Expeditors submitted a claim to KCH, seeking indemnity of $250,000 for the cargo loss.

27.    KCH issued payment to Expeditors in the amount of $250,000.

28.    Pursuant to section 3(C) of the Broker-Carrier Agreement, "[CJ Logistics] is liable to [KCH] . . . for the full invoice value of the goods for loss, theft, delay or damage to goods occurring while in the custody, possession or control of [CJ Logistics] or resulting from [CJ Logistics' performance of or failure to perform the transportation services provided for in this Agreement" up to a maximum liability of $100,000.

29.    Section 3(C) provides that CJ Logistics' failure to pay, decline or offer settlement within 30 days of receiving a claim from KCH "shall be conclusively deemed an admission by [CJ Logistics] of full liability for the amount claimed."

30.    KCH has performed all conditions precedent required of it.

## Count I: Indemnification for Loss and Damage

31.    KCH incorporates paragraphs 1 through 30 as if restated verbatim.

32.    The Broker Carrier Agreement is a valid and binding contract.

33.    CJ Logistics agreed to transport the cargo.

34.    CJ Logistics received the cargo in good condition.

35.    The cargo was stolen while in the possession, custody, or control of CJ Logistics.

36.    As a result of the theft, KCH incurred a loss by paying $250,000 in indemnity to Expeditors.

37.    KCH has demanded that CJ Logistics indemnify KCH for $100,000 as a result of the loss at issue.

38.    CJ Logistics failed to pay, decline, or offer settlement of KCH's indemnity claim, liability for which is therefore conclusively admitted.

39.    CJ Logistics' failure to indemnify KCH constitutes a breach of contract, for which KCH has suffered damages.

40.    KCH is entitled to recover $100,000 in indemnity, prejudgment interest as provided by law, and attorneys' fees and costs of litigation.

41.    KCH demanded CJ Logistics issue payment by September 27, 2024.

42.    CJ Logistics' indebtedness carries prejudgment interest at the legal rate from September 27, 2024, in the amount of $1,054.80 as of November 21, 2024 and continuing to accrue through the date of judgment at the rate of $19.18 per day. A true and correct calculation of prejudgment interest is attached as Exhibit 7.

WHEREFORE, KCH demands judgment against CJ Logistics in the principal amount of $100,000.00, prejudgment interest in the amount of $1,054.18 as of November 21, 2024 and continuing to accrue through the date of judgment, postjudgment interest as provided by law, and such other and further relief as this Court deems just and proper.

This 18th day of December, 2024.

/s/ T. Brandon Welch_____
T. Brandon Welch
Georgia Bar No. 152409
brandon@stillmanwelch.com
Attorney for Plaintiff

Stillman Welch, LLC
315 W. Ponce de Leon Ave., Suite 1070
Decatur, Georgia 30030
Telephone: (404) 895-9040