# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KCH TRANSPORTATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| v. ) | **1:24-cv-05430-MHC** |
| ) | |
| **CJ LOGISTICS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

CJ Logistics, Inc. ("CJ Logistics"), by and through undersigned counsel, hereby files this answer, affirmative defenses and counterclaims in response to the First Amended Complaint filed by KCH Transportation, Inc. ("KCH Transportation"), as follows.

### First Affirmative Defense

KCH Transportation's First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

KCH Transportation's First Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

**Third Affirmative Defense**

KCH Transportation's First Amended Complaint is barred in whole or in part by the doctrine of waiver.

**Fourth Affirmative Defense**

KCH Transportation's First Amended Complaint is barred in whole or in part by the doctrine of estoppel.

**Fifth Affirmative Defense**

KCH Transportation's First Amended Complaint is barred in whole or in part by the doctrine of laches.

**Sixth Affirmative Defense**

Some or all of the purported causes of action stated in KCH Transportation's First Amended Complaint, and some or all of the relief prayed for, are barred by the doctrine of setoff.

**Seventh Affirmative Defense**

Some or all of the purported causes of action stated in KCH Transportation's First Amended Complaint, and some or all of the relief prayed for, are barred by the doctrine of recoupment.

**Eighth Affirmative Defense**

Some or all of the purported causes of action stated in KCH Transportation's First Amended Complaint, and some or all of the relief prayed for, are barred by the doctrine of ratification.

**Ninth Affirmative Defense**

Some or all of the purported causes of action stated in KCH Transportation's First Amended Complaint, and some or all of the relief prayed for, are barred by the express terms of the agreements sued upon.

**Tenth Affirmative Defense**

KCH Transportation failed to mitigate its alleged damages.

**Eleventh Affirmative Defense**

Some or all of the purported causes of action stated in KCH Transportation's First Amended Complaint, and some or all of the relief prayed for, are barred in whole or in part by KCH Transportation's material breaches of the agreements sued upon.

**Twelfth Affirmative Defense**

KCH Transportation's First Amended Complaint is barred in whole or in part by the doctrine of duress.

**Thirteenth Affirmative Defense**

KCH Transportation's First Amended Complaint is barred in whole or in part by the doctrine of rescission.

**Fourteenth Affirmative Defense**

Subject to and without waiver of these defenses and affirmative defenses, CJ Logistics responds to the paragraphs of KCH Transportation's First Amended Complaint as follows:

1. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

2. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

3. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

12. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

13. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

14. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

15. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

16. Admitted.

17. Admitted.

18. Admitted that the property has disappeared. Denied that it was stolen from CJ Logistic's possession.

19. Denied.

20. Admitted.

21. Admitted that Mr. Singh reported the incident. Denied as to the conclusion that theft is absolutely involved.

22. Admitted that the commercial invoice appears to be accurate. Denied as to the conclusion that theft is absolutely involved.

23. Admitted that Mr. Singh reported the incident. Denied as to the conclusion that theft is absolutely involved.

24. Admitted that Mr. Singh reported the incident. Denied as to the conclusion that theft is absolutely involved.

25. Admitted that the power unit was found. Denied as to the conclusion that theft is absolutely involved.

26. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

27. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

28. Admitted.

29. Denied.

30. Denied.

31. CJ Logistics can neither admit, nor deny this allegation, and leaves KCH Transportation to its proofs.

32. Denied.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

42. Denied.

## General Denial

To the extent that any allegation within KCH Transportation's Complaint has not been expressly denied above, CJ Logistics hereby denies all such allegations.

WHEREFORE, having fully answered KCH Transportation's First Amended Complaint, CJ Logistics prays as follows:

(a) That the First Amended Complaint be dismissed with prejudice;

(b) That all costs of this action be assessed against KCH Transportation; and

(c) That the Court award CJ Logistics all such further relief as this Court deems just and proper.

## Demand for Jury Trial

CJ Logistics requests a trial by jury on all issues so triable.

## COUNTERCLAIMS

CJ Logistics hereby files these counterclaims, by and through counsel, against KCH Transportation. In support thereof, CJ Logistics states as follows:

1. On October 4, 2024, KCH Transportation issued a written "Freightguard Report" with Carrier 411 Monitoring Service (the, "Report").

2. The Report falsely stated that CJ Logistics had engaged in "Unethical or Deceptive Business Practices."

3. This was following deceptive practices by KCH Transportation which in tricked CJ Logistics into transporting a load beyond the value of which CJ Logistics had expressly stated that it was willing to carry (i.e. $100,000.00).

4. KCH Transportation had expressly agreed to not engage CJ Logistics for loads valued at more than $100,000.00.

5. Nonetheless, the load which is the subject of this litigation is allegedly valued well in excess of $100,000.00.

6. KCH Transportation alleges that CJ Logistics was the victim of theft by a third party.

7. This does not constitute "Unethical or Deceptive Business Practices."

8. Even if the allegations of KCH Transportation were true, they do not arise to the level of "Unethical or Deceptive Business Practices."

9. Nonetheless, KCH Transportation published the Report to the entirety of the trucking community within Carrier 411.

10. This has crushed CJ Logistics's business.

11. CJ Logistics has lost profits as a result far in excess of $100,000.00.

12. The Report continues to do damage to CJ Logistics's reputation and profits.

13. CJ Logistics now sues for damages.

## Count I
## Libel

14. CJ Logistics restates paragraphs 1-13 and incorporates said paragraphs herein by reference.

15. On October 4, 2024, KCH Transportation issued the Report.

16. The Report falsely stated that CJ Logistics had engaged in "Unethical or Deceptive Business Practices."

17. KCH Transportation alleges that CJ Logistics was the victim of theft by a third party.

18. This does not constitute "Unethical or Deceptive Business Practices."

19. Even if the allegations of KCH Transportation were true, they do not arise to the level of "Unethical or Deceptive Business Practices."

20. Nonetheless, KCH Transportation published the Report to the entirety of the trucking community within Carrier 411.

21. This has crushed CJ Logistics's business.

22. CJ Logistics has lost profits as a result far in excess of $100,000.00.

23. The Report continues to do damage to CJ Logistics's reputation and profits.

24. KCH Transportation is liable to CJ Logistics for libel in the amount of at least $100,000.00.

## PRAYER FOR RELIEF

WHEREFORE, CJ Logistics prays for judgment as requested above against KCH Transportation and further requests:

a. An award of compensatory or actual damages in the amount in which CJ Logistics has been injured;

b. Statutory prejudgment interest;

c. Incidental and consequential damages;

d. An award of attorneys' fees and costs in bringing and maintaining this action; and

e. Any other relief as this Court may deem just and reasonable.

## Jury Trial Demand

CJ Logistics hereby demands a trial by jury on all matters so triable.

Respectfully submitted, this 3rd day of March, 2025.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        Georgia Bar No. 496530
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorney for CJ Logistics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **First Amended Answer and Counterclaims to First Amended Complaint** was prepared using 14 Point Times New Roman Font, and that on March 3, 2025, I filed the foregoing with the Clerk of Court with this Court's CM/ECF electronic filing system.

Respectfully submitted, this 3rd day of March, 2025.

    FGP LAW, LLC

    /s/ Frank G. Podesta
    Frank G. Podesta
    Georgia Bar No. 496530