UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KCH TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO: 1:24-cv-05430-MHC |
| CJ LOGISTICS, INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff and Defendant held a Rule 26(f) conference on February 17, 2025. The parties hereby submit the following joint preliminary report and discovery plan, pursuant to Local Rule 16.2.

**1.      Description of Case:**

   **(a)      Describe briefly the nature of this action.**

Plaintiff has asserted one claim for indemnification to recover losses for stolen freight. Defendant has asserted one claim for libel relating to a report that was made by Plaintiff to a third party agency, which publishes reports regarding trucking companies.

   **(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff KCH Transportation, Inc. ("KCH") is a licensed freight broker. Defendant CJ Logistics, Inc. ("CJ Logistics") is a licensed motor carrier. KCH hired CJ Logistics to carry a load of freight, which was stolen while in the possession of CJ Logistics. KCH alleges that, pursuant to the terms of a written agreement, CJ Logistics is liable to indemnify KCH for $100,000 for the stolen freight. CJ Logistics alleges that KCH is liable to CJ Logistics for libel for its allegedly false publication in Carrier 411 in an amount to be determined at trial.

**(c)    The legal issues to be tried are as follows:**

The parties submit that the legal issues to be tried are as follows:

(1)    Whether Defendant is liable to Plaintiff;

(2)    The amount of Plaintiff's damages, if any;

(3)    Whether Plaintiff is liable to Defendant for libel; and

(4)    The amount of Defendant's damages, if any.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending related cases:

Not applicable.

(2)    Previously Adjudicated Related Cases:

Not applicable.

2. **This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_(1)    Unusually large number of parties

    \_\_\_\_\_(2)    Unusually large number of claims or defenses

    \_\_\_\_\_(3)    Factual issues are exceptionally complex

    \_\_\_\_\_(4)    Greater than normal volume of evidence

    \_\_\_\_\_(5)    Extended discovery period is needed

    \_\_\_\_\_(6)    Problems locating or preserving evidence

    \_\_\_\_\_(7)    Pending parallel investigations or actions by government

    \_\_\_\_\_(8)    Multiple use of experts

    \_\_\_\_\_(9)    Need for discovery outside United States boundaries

    \_\_\_\_\_(10)    Existence of highly technical issues and proof

    \_\_\_\_\_(11)    Unusually complex discovery of electronically stored information.

3. **Counsel:**

The following individually named-attorneys are hereby designated as lead counsel for the parties:

*Attorney for Plaintiff*:

T. Brandon Welch
Stillman Welch, LLC

315 W. Ponce de Leon Ave, Suite 1070
Decatur, Georgia 30030
brandon@stillmanwelch.com

*Attorney for Defendant:*
Frank G. Podesta
FGP Law, LLC
555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
fpodesta@fgplaw.com

4.  **Jurisdiction:**

   **Is there any question regarding this court's jurisdiction?**

   _____Yes   _X_ No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

   **(a)   The following persons are necessary parties who have not been joined.**

   Not applicable.

   **(b)   The following persons are improperly joined as parties:**

   Not applicable.

    **(c)**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Not applicable.

    **(d)**    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

    **(a)**    **List separately any amendments to the pleadings, which the parties anticipate will be necessary:**

CJ Logistics intends to file promptly an Amended Answer to the First Amended Complaint.

    **(b)**    **Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.**    **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1(A)(2).

(a) *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: Within 30 days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties will serve initial disclosures as required under Fed. R. Civ. P. 26.

9. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The case is currently assigned to a four-month discovery period pursuant to Appendix F of this Court's Local Rules. Pursuant to DE 8, discovery is currently set to expire on July 3, 2025.

The parties need to conduct discovery on liability and damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Not applicable.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    None.

**(b)    Is any party seeking discovery of electronically stored information?**

    _____ Yes  \_\_\_\_X\_\_\_\_  No

**If "yes,"**

**(1)**    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    Not applicable.

**(2)**    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

    Not applicable.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

12. **Other Orders:**

   What other orders do the parties think the court should enter under Rule 26(c) or under Rule 16(b) and (c)?

   None at this time.

13. **Settlement Potential:**

   (a) **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) settlement conference that was held on April 4, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:**

   Attorney for Plaintiff:  T. Brandon Welch

   Lead counsel (signature): */s/ T. Brandon Welch*

   Attorney for Defendants: Frank G. Podesta

   Lead counsel (signature): */s/ Frank G. Podesta*

   (b) **All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears that there is now:**

   (__)  A possibility of settlement before discovery.

   (X)  A possibility of settlement after discovery.

   (__)  A possibility of settlement, but a conference with the judge is needed.

   (__)  No possibility of settlement.

(c) Counsel (X) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined.

(d) The following specific problems have created a hindrance to settlement of this case.

Not applicable.

14. **Trial by Magistrate Judge:**

**Note:** Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (X) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day February, of 2025.

(b) The parties (___) do not consent to having this case tried before a Magistrate Judge of this Court.

This 5th day of March, 2025.

        Respectfully submitted,

        */s/ T. Brandon Welch*
        T. Brandon Welch
        Georgia Bar No. 152409
        brandon@stillmanwelch.com
        *Attorney for Plaintiff*

STILLMAN WELCH, LLC
315 W. Ponce de Leon Ave.
Suite 1070
Decatur, GA 30030
Phone: (404) 895-9040
Facsimile: (404) 907-1819

/s/ Frank G. Podesta
Frank G. Podesta
Georgia Bar No. 496530
fpodesta@fgplaw.com
*Attorney for Defendant*

FGP LAW, LLC
555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
Phone: 678-677-5143
Facsimile: 678-222-0123

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system addressed to counsel of record as follows:

Frank G. Podesta, Esq.
FGP Law, LLC
fpodesta@fgplaw.com

This the 5th day of March, 2025.

/s/ T. Brandon Welch
T. Brandon Welch
Georgia Bar No. 152409
brandon@stillmanwelch.com
*Attorney for Plaintiff*

STILLMAN WELCH, LLC
315 W. Ponce de Leon Ave.
Suite 1070
Decatur, GA 30030
Phone: (404) 895-9040
Facsimile: (404) 907-1819

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KCH TRANSPORTATION, INC.,         ) | |
| ) | |
| Plaintiff,                                         ) | |
| ) | CIVIL ACTION FILE |
| v.                                                      ) | |
| ) | NO: 1:24-cv-05430-MHC |
| CJ LOGISTICS, INC.,                       ) | |
| ) | |
| Defendant.                                    ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
HON. MARK H. COHEN
UNITED STATES DISTRICT JUDGE