IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KCH TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CJ LOGISTICS, INC., <br><br> Defendant. | Civil Action No. 1:24-cv-05430-MHC |

**PLAINTIFF KCH TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

Defendant KCH Transportation, Inc. ("KCH") appears, by and through counsel, states the following as its Answer and Affirmative Defenses to the Counterclaim filed by Defendant CJ Logistics, Inc. ("CJ Logistics").

## GENERAL DENIALS

Except as otherwise expressly admitted in response to allegations 1 through 24 below, KCH denies each and every allegation contained in paragraphs 1 through 24 of the Counterclaim, including, without limitation, any headings and subheadings contained in the Counterclaim, and specifically deny any liability to CJ Logistics. With respect to all paragraphs in the Counterclaim in which CJ Logistics prays for damages or other relief, KCH denies that CJ Logistics is entitled to any such relief.

**ALLEGATION NO. 1:**

On October 4, 2024, KCH Transportation issued a written "Freightguard Report" with Carrier 411 Monitoring Service (the, "Report").

**ANSWER:**

KCH admits that it filed a Freightguard Report with Carrier 411 on October 4, 2024.

**ALLEGATION NO. 2:**

The Report falsely stated that CJ Logistics had engaged in "Unethical or Deceptive Business Practices."

**ANSWER:**

Denied.

**ALLEGATION NO. 3:**

This was following deceptive practices by KCH Transportation which in tricked CJ Logistics into transporting a load beyond the value of which CJ Logistics had expressly stated that it was willing to carry (i.e. $100,000.00).

**ANSWER:**

Denied.

**ALLEGATION NO. 4:**

KCH Transportation had expressly agreed to not engage CJ Logistics for loads valued at more than $100,000.00.

**ANSWER:**

Denied.

**ALLEGATION NO. 5:**

Nonetheless, the load which is the subject of this litigation is allegedly valued well in excess of $100,000.00.

**ANSWER:**

Admitted.

**ALLEGATION NO. 6:**

KCH Transportation alleges that CJ Logistics was the victim of theft by a third party.

**ANSWER:**

KCH denies that allegation 6 accurately characterizes KCH's position in whole or in part. KCH admits that the load at issue was stolen. KCH lacks sufficient information to admit or deny whether CJ Logistics is a victim of theft. KCH denies all remaining allegations.

**ALLEGATION NO. 7:**

This does not constitute "Unethical or Deceptive Business Practices."

**ANSWER:**

Denied. KCH specifically denies the strawman allegation that the referenced allegation in paragraph 6 constitutes the basis for KCH's report.

**ALLEGATION NO. 8:**

Even if the allegations of KCH were true, they do not arise to the level of "Unethical or Deceptive Business Practices."

**ANSWER:**

Denied. KCH specifically denies the strawman allegation that the referenced allegation in paragraph 6 constitutes the basis for KCH's report.

**ALLEGATION NO. 9:**

Nonetheless, KCH Transportation published the Report to the entirety of the trucking community within Carrier 411.

**ANSWER:**

KCH admits that it published a report on October 4, 2024. KCH denies all other allegations.

**ALLEGATION NO. 10:**

This has crushed CJ Logistics's business.

**ANSWER:**

KCH lacks sufficient information to admit or deny the allegations in Paragraph 10, which are therefore denied.

**ALLEGATION NO. 11:**

CJ Logistics has lost profits as a result far in excess of $100,000.00.

**ANSWER:**

KCH lacks sufficient information to admit or deny the allegations in Paragraph 11, which are therefore denied.

**ALLEGATION NO. 12:**

The Report continues to do damage to CJ Logistics's reputation and profits.

**ANSWER:**

KCH lacks sufficient information to admit or deny the allegations in Paragraph 12, which are therefore denied.

**ALLEGATION NO. 13:**

CJ Logistics now sues for damages.

**ANSWER:**

KCH admits that CJ Logistics has asserted a counterclaim for damages. KCH denies all other allegations.

**ALLEGATION NO. 14:**

CJ Logistics restates paragraphs 1-13 and incorporates said paragraphs herein by reference.

**ANSWER:**

KCH incorporates its responses to paragraphs 1-13 as if restated verbatim.

**ALLEGATION NO. 15:**

On October 4, 2024, KCH Transportation issued the Report.

**ANSWER:**

KCH admits that it submitted a Freightguard Report on October 4, 2024.

**ALLEGATION NO. 16:**

The Report falsely stated that CJ Logistics had engaged in "Unethical or Deceptive Business Practices."

**ANSWER:**

Denied.

**ALLEGATION NO. 17:**

KCH Transportation alleges that CJ Logistics was the victim of theft by a third party.

**ANSWER:**

KCH denies that allegation 16 accurately characterizes KCH's position in whole or in part. KCH admits that the load at issue was stolen. KCH lacks sufficient information to admit or deny whether CJ Logistics is a victim of theft. KCH denies all remaining allegations.

**ALLEGATION NO. 18:**

This does not constitute "Unethical or Deceptive Business Practices."

**ANSWER:**

Denied. KCH specifically denies the strawman allegation that the referenced allegation in paragraph 16 constitutes the basis for KCH's report.

**ALLEGATION NO. 19:**

Even if the allegations of KCH Transportation were true, they do not arise to the level of "Unethical or Deceptive Business Practices."

**ANSWER:**

Denied. KCH specifically denies the strawman allegation that the referenced allegation in paragraph 16 constitutes the basis for KCH's report.

**ALLEGATION NO. 20:**

Nonetheless, KCH Transportation published the Report to the entirety of the trucking community within Carrier 411.

**ANSWER:**

KCH admits that it published a report on October 4, 2024. KCH denies all other allegations.

**ALLEGATION NO. 21:**

This has crushed CJ Logistics's business.

**ANSWER:**

KCH lacks sufficient information to admit or deny the allegations in Paragraph 21, which are therefore denied.

**ALLEGATION NO. 22:**

CJ Logistics has lost profits as a result far in excess of $100,000.00.

**ANSWER:**

KCH lacks sufficient information to admit or deny the allegations in Paragraph 22, which are therefore denied.

**ALLEGATION NO. 23:**

The Report continues to do damage to CJ Logistics's reputation and profits.

**ANSWER:**

KCH lacks sufficient information to admit or deny the allegations in Paragraph 23, which are therefore denied.

**ALLEGATION NO. 24:**

KCH Transportation is liable to CJ Logistics for libel in the amount of at least $100,000.00.

**ANSWER:**

Denied.

## PRAYER FOR RELIEF

KCH denies CJ Logistics is entitled to the relief requested in the "PRAYER FOR RELIEF" paragraph of the Counterclaim.

## KCH'S AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to CJ Logistics' obligations to prove each and every element of its claims, and while expressly reserving the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other

investigation, or as justice may require, KCH sets forth the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim fails because, at all relevant times, the Defendant and all of its agents and employees, acted in an ordinary, reasonable, and prudent manner.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim fails because KCH's statements are protected under the First Amendment.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim fails because KCH's statements were truthful or substantially truthful, and non-defamatory.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim fails because KCH's statements were privileged and in the public interest.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim fails for lack of fault or negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails for lack of special harm or other damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim fails because any harm or damages were due to intervening causes, including but not limited to: CJ Logistics' reputation in the industry; other complaints, reviews, or service failures; or any other cause.

## NINTH AFFIRMATIVE DEFENSE

The Counterclaim fails because KCH's statements constituted statements of opinion and fair comments.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim fails because of the privilege for fair reporting or neutral reportage.

## ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails because KCH's statements were not calculated to injure CJ Logistics.

## TWELFTH AFFIRMATIVE DEFENSE

The Counterclaim fails because CJ Logistics' alleged damages are speculative, uncertain, and cannot be proven with reasonable certainty.

## THIRTEENTH AFFIRMATIVE DEFENSE

KCH expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, KCH denies that CJ Logistics is entitled to the relief requested in the Counterclaim and requests that the Court award such further or alternative relief as this Court may deem just and appropriate.

Dated:   March 17, 2025					Respectfully submitted,


							By:/s/ T. Brandon Welch
							    T. Brandon Welch
							    Georgia Bar No. 152409
							    brandon@stillmanwelch.com

							    Stillman Welch, LLC
							    315 W. Ponce de Leon Ave., Suite 1070
							    Decatur, Georgia 30030
							    T: (404) 895-9040
							    F: (404) 907-1819

							    Attorney for KCH Transportation, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **PLAINTIFF KCH TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM** with the Clerk of the Court using the electronic filing system which will send notification of such filing to the following:

Frank G. Podesta, Esq.
fpodesta@fgplaw.com
Attorney for CJ Logistics

Dated:	March 17, 2025.

/s/ T. Brandon Welch
T. Brandon Welch
Georgia Bar No. 152409
Attorney for KCH Transportation, Inc.

Stillman Welch
315 W. Ponce de Leon Ave., Suite 1070
Decatur, Georgia 30030
T 404.895.9040
F 404.907.1819
E brandon@stillmanwelch.com